ROSE E. PROCTOR, Plaintiff, *v.* MORTIMER M. CURCHIN, Defendant.

Supreme Court, New York County, August 8, 1934.

*Wayne D. Bird,* for the plaintiff.

*Stagg, Thaler & Stagg* [*James E. Joyce* of counsel], for the defendant.

BLACK, J. Motion is made by the plaintiff for judgment under rules 112, 113 and 114 of the Rules of Civil Practice, and also in the alternative under sections 117 and 476 of the Civil Practice Act. The plaintiff alleges two causes of action, the first for unpaid alimony and the second cause for unpaid costs upon the entry of

a contempt order. The judgment of divorce was entered in the Court of Chancery in New Jersey. The defendant admits the making and entry of the decree, but denied that the sum claimed as alimony is due. The defendant also denies any knowledge as to the assignment to the plaintiff. The claims referred to herein were assigned by an instrument in writing which is annexed to the papers by defendant's former wife. The defendant also admits that he has not paid any alimony since July 31, 1932. Alimony was awarded at the rate of $50 per month. The defenses interposed to the claim are that the claims are not assignable and another defense that the plaintiff is not the real party in interest. The papers here establish the fact by the original assignment that the plaintiff is the real party in interest, and upon the face thereof shows sufficient consideration for the assignment. The claim is assignable as to alimony. There is, therefore, no defense as to the first cause of action, and judgment is directed in favor of the plaintiff and against the defendant for the sum of $1,050.

Defendant presents a cross-motion to dismiss both causes of action on the pleadings. As to the first cause the cross-motion is denied. As to the second cause the motion is granted. It appears from the instrument marked Exhibit A, relied upon by the plaintiff to establish a cause of action for non-payment of costs, that the order itself directs that the costs be paid " to the solicitor of the petitioner." It is apparent, therefore, that the plaintiff's assignor was not the real person entitled thereto under the order.

The plaintiff may have judgment on the first cause, and the second cause is dismissed. No costs. Settle order on notice.